**IN THE COURT OF APPEALS OF IOWA**

No. 22-0635
Filed June 29, 2022

**IN THE INTEREST OF C.A., and J.A.-K.,**
**Minor Children**

**S.A., Father,**
        Appellant,

**J.K.A., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda,

District Associate Judge.


        A mother and a father separately appeal the termination of their parental

rights to two children. **AFFIRMED ON BOTH APPEALS.**


        Larry J. Pettigrew of Pettigrew Law Firm, P.C., Newton, for appellant father.

        Dusty Lea Clements of Clements Law and Mediation, Newton, for appellant

mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Meegan M. Keller, Altoona, attorney and guardian ad litem for minor

children.


        Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother brought her three-month-old child "to the emergency room," where he was diagnosed with "a fracture in his humorous bone" and a "rib fracture which was in the process of healing." The State applied for an order removing the child and the child's one-year-old sibling from parental custody. The district court granted the application. The children were placed with their paternal grandparents and were later adjudicated in need of assistance. In time, the State filed a petition to terminate parental rights.

Meanwhile, the State charged the parents with several crimes. A jury found them guilty of neglect of a dependent person and one count of child endangerment causing serious injury. The criminal court sentenced the parents to prison terms not exceeding ten years, to be served concurrently.

The termination petition proceeded to an evidentiary hearing. Following the hearing, the district court terminated parental rights pursuant to two statutory provisions.

On appeal, the parents do not challenge the evidence supporting the grounds for termination. They contend (1) termination was not in the children's best interests; (2) guardianship with the paternal grandparents was the better option; and (3) the district court should not have terminated their parental rights in light of the bond they shared with the children as well as the children's placement with a relative. The mother additionally asserts she should have been afforded an additional six months to facilitate reunification.

### I. Best Interests

A court must "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *See* Iowa Code § 232.116(2) (2021). In light of the jury's findings of guilt on crimes involving the bodily safety of one of the children, we conclude termination was in the children's best interests.

### II. Guardianship

"[A] guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018). Citing this principle, the district court denied the parents' request for a guardianship. The court provided the following additional reasoning:

> Given the children's ages, the parents' current imprisonment because of injuries to one of the children, the unknowns relating to the injuries and the perpetrator, and the grandparents' hesitancy regarding a guardianship, a guardianship is not in the children's best interest and will not provide them with the stability and permanency[,] which they need.

The record supports the court's findings. The children were placed with their paternal grandparents at the time of their removal, and they remained there throughout the proceedings. The department employee overseeing the case testified termination was preferred over a guardianship because of the children's ages and their need for permanency. The employee noted that, once the children were removed, there were no more serious injuries to the younger child. On our de novo review, we conclude the district court appropriately denied the parents' request for a guardianship.

### III.     Exceptions to Termination

The parents contend the district court should have granted exceptions to termination based on the children's placement with relatives and based on the parent-child bond.  *See* Iowa Code § 232.116(3)(a) (relative), (c) (parent-child bond).  The district court thoroughly addressed the relative exception as follows:

> It is clear that the parents cannot provide for the children anytime in the foreseeable future.  The children have been removed from their care for the past 16 months.  The children, [the younger one] in particular, have had no further injuries since being removed from the parents' care; yet the parents have not accepted responsibility for the injuries or provided a plausible explanation, all while admittedly lying to the police and the Department about the situation.  The unknowns continue to linger.  Meanwhile, the grandparents have provided stability for these children since May 2021, and the children are doing well.  The Court will not deprive the children of this continued stability, which can only be accomplished if the parents cease to be the children's legal parents.

On our de novo review, we agree with the court's reasoning.

As for the parent-child relationship, the department employee acknowledged the children shared a bond with both parents.  But that bond could not override their child neglect and endangerment convictions and their imprisonment for concurrent terms not exceeding ten years.  We conclude the permissive exception to termination was appropriately not invoked.

### IV.     Additional Time for Reunification

The mother sought six additional months to facilitate reunification.  *See id.* § 232.104(2)(b).  The district court denied the request, providing the following reasoning:

> Both parents are currently in prison and there is a minimal likelihood that either parent will be out of prison in the next six months given their own testimony about their earliest parole hearing dates. Further, even if one or both of the parents would be released from

prison, the children could not be returned to their care within the next six months because of the continuing "unknowns" as previously articulated in this [r]uling. The Court cannot think of any reasonable factors or conditions which will allow the Court at this time to make a determination that the need for removal will no longer exist in six months. The realities of the past 16 months and the parents' current imprisonment do not permit such a determination.

Again, we concur in the court's reasoning.

We affirm the termination of the parents' rights to the two children.

**AFFIRMED ON BOTH APPEALS.**